# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

RONALD CHILDERS AND
LAKEISHA CHILDERS

    Plaintiffs,

v.                                                 No. 3:18-cv-00252-TRM-DCP
                                                    JURY DEMANDED

DONALD GAGNE AND
CITY OF ONEIDA, TN

    Defendants.

## AGREED PROTECTIVE ORDER

Upon Joint Motion of Plaintiffs and Defendant Town of Oneida, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of the Plaintiffs and Defendant Town of Oneida, and in accordance with Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee, it is hereby stipulated and ordered that the production and use of "Confidential Materials" in this matter will proceed in accordance with the following terms:

1. "Confidential Materials" are defined as follows:

    a. Any documents and records relating to the background search of Donald "Chip" Gagne as deemed confidential pursuant to the Tennessee Public Records Act, Tenn. Code Ann. § 10-7-501, *et seq.*

    b. Any other documents, records, or information deemed confidential pursuant to the Tennessee Public Records Act, Tenn. Code Ann. § 10-7-501, *et seq.*

    c. Medical, psychiatric, or psychological records of any individual.

2.     Plaintiffs LaKeisha Childress, Ronald Childress, Defendant Donald Gagne, and Defendant Town of Oneida (hereinafter "The Parties") shall stamp in advance of presentation to

the other party, those documents it deems confidential; provided, however, the Parties further agree that any medical, psychological, and psychiatric records which are received by counsel for the Parties directly from any third party provider pursuant to any authorization or agreed order for medical records shall be designated and treated as Confidential Material without the necessity of first stamping the same.

All records or documents deemed Confidential Materials as defined above, whether provided to or obtained by either party will be deemed confidential upon receipt.

3. Confidential Material may be disclosed only to the following persons:

(a) The attorneys for Parties working on this litigation and all paralegal assistants, stenographic and clerical employees working under the direction of such counsel;

(b) Any person not employed by counsel for the Parties who is expressly retained or sought to be retained by counsel for the parties to assist in preparation of this matter for trial including any expert witnesses retained by either party, with disclosure only to the extent necessary to perform such work;

(c) Any person of whom testimony is taken, except that such person may only be shown copies of Confidential Material during his or her testimony or in preparation thereof and may not retain any of the Confidential Material;

(d) The Plaintiffs;

(e) The Defendants, but only to those officers, directors, employees, or agents who are actually involved or participating in this litigation and have a legitimate need to know about the confidential document, item, or information;

(f) The Court, including Court personnel, any court reporters taking proceedings as agreed upon by the Parties, and the jury;

(g) Any person to whom disclosure is required by law and not opposed by a party to this action after giving advanced written notice to that party of any intent to disclose confidential documents, items, or information; and

(h) Any other person agreed upon in writing by the parties. Attorneys of record shall advise all persons who are given access to Confidential Materials pursuant to this paragraph of the terms of this order.

4. No person to whom Confidential Materials have been disclosed pursuant to this Order shall copy or use the document, item, or information for any purpose other than as required for purposes of this litigation.

5. In the event the non-producing party seeks to file Confidential Material with the Court, that party will advise the party, which produced the discovery documents in question, sufficiently in advance of the intended filing to give the producing party an opportunity to seek a court order, which requires filing those documents under seal. With respect to requests for documents to be placed under seal, this Protective Order fully incorporates the Court's Memorandum and Order Regarding Sealing Confidential Information (Doc. 7), including the procedures required to obtain leave to file under seal as outlined therein.

6. Confidential Material contained in responses to interrogatories or other discovery requests or responses, depositions, affidavits, briefs, memoranda, or other papers filed with the Court in this action shall be designated as Confidential Material by prominently marking such paper "Confidential."

6. This Order does not limit a party's right to disclose Confidential Material at a hearing or trial in this case, subject to any protective order or sealing that the Court may issue at that time.

7. In the event any Confidential Material is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

8. In the event that a producing party inadvertently discloses confidential information without marking it appropriately, any later claims of confidentiality and protection under this Order will be deemed to have been waived unless within thirty (30) days a party gives notice that a document has been inadvertently produced without the appropriate marking. However, any inadvertent disclosure or production of documents that are protected by attorney-client privilege, work product protection, or any other applicable privilege under federal and state law will not constitute a waiver of any available privilege or protection by the disclosing party.

9. If either party believes that documents or information designated as Confidential Material are not entitled to such treatment, then the following procedure shall apply: The disagreeing party shall notify the designating party in writing that it no longer intends to treat that document, item, or information as confidential. Within fifteen (15) days of receipt of such a notice, the objecting party may move the Court for a ruling as to the confidentiality of the document, item,

or information. The confidentiality of the document, item, or information shall be maintained until the Court enters a final ruling on the objecting party's motion.

10. Within one hundred and twenty (120) days of termination of this litigation for whatever cause, including final appeal, or after time to file appeal has expired, all copies of Confidential Material will be stored securely and confidentially and will be destroyed pursuant to counsel's law office or firm's document retention system. Upon request, the party possessing materials deemed confidential by the other party shall certify that the confidential materials are held in this manner or have been destroyed. Further, counsel receiving Confidential Material from the other party will request, upon termination of this litigation (or any appeal therefrom) that all witnesses and parties to whom they have distributed any confidential materials return such materials to be secured and destroyed consistent with this paragraph.

11. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information, including deposition testimony of the party, its agents, employees, or experts.

12. This Order shall not be construed to impair the right of a party to assert any objections to the discovery, production, use, relevance, or admissibility of any documents, items, or information whether or not they are subject to the terms of this Order.

13. Nothing in this Order shall prevent the Parties from disclosing Confidential Materials pursuant to a valid court order or subpoena.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge


APPROVED FOR ENTRY:


**RONALD CHILDERS AND
LAKEISHA CHILDERS**

By: /s/Bryce McKenzie w/permission by Courtney E. Read
BRYCE MCKENZIE, BPR No. 027415
LAW OFFICES OF BRYAN E. DELIUS
124 Court Avenue, 2nd Floor
Sevierville, Tennessee 37862
(865) 428-8780

TROY BOWLIN, BPR No. 025893
THE BOWLIN LAW FIRM, P.C.
First Tennessee Plaza
800 South Gay St., Suite 2131
Knoxville, Tennessee 37929

*Attorneys for Plaintiffs*


**TOWN OF ONEIDA**

By: /s/Courtney E. Read, BPR No. 029147
COURTNEY E. READ, BPR No. 029147
WATSON, ROACH, BATSON,
ROWELL & LAUDERBACK, P.L.C.
1500 Riverview Tower
900 S. Gay St.
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700

*Attorney for Defendant Town of Oneida*